```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                    NORTHEASTERN DIVISION
```

FILED
00 MAY 12 PM 4:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

JILL CLARK, etc., )
)
    Plaintiff, )
)
vs. ) Civil Action NO. CV-99-S-3288-NE
)
BILL HEARD ENTERPRISES, INC., )
BILL HEARD CHEVROLET, INC., )
AND CHUCK BERRY, )
)
    Defendants. )

**ENTERED**

## MEMORANDUM OPINION

MAY 12 2000

    This action is before the court on the stipulation for dismissal filed by the parties on May 3, 2000, pursuant to Rule 41(a). Court action upon such pleadings normally is a ministerial act. This is not such a case, however.

    The rub lies in the fact that plaintiff commenced this action on December 10, 1999, by the filing of a complaint alleging claims against defendants, not just on behalf of herself, but also all other similarly situated employees or former employees of defendants.

    An action undeniably may be dismissed "by filing a stipulation of dismissal signed by all parties who have appeared in the action," Fed. R. Civ. P. 41(a)(1)(ii), but such act is expressly made "[s]ubject to the provisions of Rule 23(e),"[1] providing that

---

[1] Federal Rule of Civil Procedure 41(a)(1) provides:

    <u>Subject to the provisions of Rule 23(e)</u>, of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) <u>by</u>



"[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e). *See generally* 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2363, at 256 (2d ed. 1994) ("[V]oluntary dismissal of class action suits require district court approval.").

This court therefore must determine whether voluntary dismissal of this action will prejudice the members of the putative class. *See In re Phillips Petroleum Securities Litigation*, 109 F.R.D. 602, 607 (D. Del. 1986) (court need not analyze whether <u>defendant</u> will be prejudiced by dismissal).

A majority of circuits have held that a district court should proceed with such an inquiry even if, as here, the class has not been certified on the date a stipulation for dismissal is filed. *See Hamm v. Rhone-Poulenc Rorer Pharmaceutical, Inc.*, 176 F.R.D. 566, 570 (D. Minn. 1997) (collecting cases), *aff'd*, 187 F.3d 941 (8th Cir. 1999). Even so, the Eleventh Circuit has not decided this issue. *See Rice v. Ford Motor Company*, 88 F.3d 914, 919 n.8 (11th Cir. 1996) ("In this Circuit, the applicability of Rule 23(e) to proposed classes prior to their certification is an open

---

<u>filing a stipulation of dismissal signed by all parties who have appeared in the action</u>. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. [Emphasis supplied.]

question.") (citation omitted). Nevertheless, this court finds the conclusion reached by those circuits which have addressed the issue to be at least precautionary, if not persuasive, and accordingly undertakes a Rule 23(e) analysis in the pre-certification context. *See generally Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321 (7th Cir. 1995); *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989); *Kahan v. Rosenstiel*, 424 F.2d 161 (3d Cir. 1970).

This court concludes that voluntary dismissal, with prejudice, of plaintiff's individual claims is proper, but as to any claims she purported to assert on behalf of the members of the putative class, the order of dismissal should clearly state that such claims are dismissed without prejudice. A separate order consistent with this memorandum opinion shall be entered contemporaneously herewith.

**DONE** this 12th day of May, 2000.

_____
United States District Judge